Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VISTAR CORPORATION, a Colorado corporation, | Case No.: CV-10-0593-PHX-NVW |
| Plaintiff, | **STIPULATED JUDGMENT** |
| vs. | |
| STAR BUFFET, INC., a Delaware corporation; STARLITE HOLDINGS, INC., a Delaware corporation; STAR BUFFET MANAGEMENT, INC., a Delaware corporation; AND NORTHSTAR BUFFET, INC., a Delaware corporation, | |
| Defendants. | |
| STAR BUFFET, INC. a Delaware corporation, | |
| Counter Claimant, | |
| v. | |
| VISTAR CORPORATION, a Colorado corporation, | |
| Counter Defendant. | |

This matter came before the Court pursuant to the amended complaint filed on June 14, 2010 (the "Complaint") by Plaintiff Vistar Corporation ("Vistar") against Defendants Star Buffet, Inc.("SBI") and its wholly owned subsidiaries Starlite Holdings, Inc., Star

Buffet Management, Inc. and Northstar Buffet, Inc. (hereinafter "Defendants", and the defendant subsidiaries, collectively the "Star Subsidiaries"), and the counterclaim filed by SBI against Vistar on March 22, 2010.  The Court has been notified that the Parties have resolved the issues alleged in the Complaint and Counterclaim.  Therefor, after considering the Complaint and the Counterclaim, the Court, noting the consent of the parties to entry of this Judgment, and good cause appearing, hereby finds and concludes as follows:

      1.    The Complaint states a valid claim against Defendants and Defendants were properly served therewith.  Accordingly, this Court has jurisdiction over the parties to this case and has jurisdiction to enter a final judgment in this case.

      2.    Defendants and Vistar have agreed to be, and hereby are, finally and irrevocably bound by the terms of this Judgment.  When entered, this Judgment shall be final and nonappealable.

      3.    On or about June 14, 2010, Vistar filed the Amended Complaint, seeking a money judgment against Defendants as follows: (i) against SBI, at least One Million Three Hundred Forty-Six Thousand One Hundred Nine Dollars Fifty Eight Cents ($1,346,109.58); (ii) against Starlite Holdings, Inc., at least One Hundred Forty-Four Thousand Two Hundred Dollars ($144,200.00); (iii) against Star Buffet Management, Inc., at least Five Hundred Eleven Thousand Six Hundred Nine Dollars ($511,609.00); and (iv) against Northstar Buffet, Inc., at least Five Hundred Seventy-Seven Thousand Six Hundred Forty-Two Dollars ($577,642.00).  In addition, through the Complaint Vistar asserted claims against all Defendants for interest, costs, and attorneys' fees incurred in this case, plus post-judgment costs and attorneys' fees incurred in recovering any judgment entered herein subject to further application to and approval by the Court.

      4.    Vistar's claims against the Star Subsidiaries are components of its claims against SBI.  Vistar is entitled to a single recovery of the full amount of its $1,346,109.58 claim, and is entitled to collect from each and all of SBI and the Star Subsidiaries only as awarded herein and set forth below.

      5.    Defendants and Vistar have agreed to entry of a money judgment against

2

1  Defendants, jointly and severally, in the amount of One Million Three Hundred Thousand
2  Dollars ($1,300,000.00), to be paid and satisfied on the terms set forth herein.

3      6.    Vistar has agreed to forbear from taking any action to collect on or otherwise
4  enforce its rights under this Judgment on the condition that the amounts set forth in this
5  Judgment are timely paid and otherwise satisfied in full in compliance with the terms hereof
6  and the schedule set forth in Exhibit "A" hereto (hereinafter, the "Payment Schedule").  The
7  Payment Schedule is incorporated as a term of this Judgment as though fully set forth
8  herein.

9      Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

10      A.    Judgment is awarded in favor of Vistar and against all Defendants jointly and
11  severally in the amount of One Million Three Hundred Thousand Dollars ($1,300,000.00).

12      B.    This Judgment shall be deemed fully paid and satisfied upon timely
13  performance of all terms set forth herein, including but not limited to the timely payment of
14  the amounts set forth, and at the times set forth, in the Payment Schedule.  For purposes of
15  clarity, the payments set forth in the Payment Schedule total One Million Dollars
16  ($1,000,000.00).  This Judgment is structured such that the remaining Three Hundred
17  Thousand Dollars ($300,000.00) will become due and payable only upon Defendants'
18  default under the terms of this Judgment (a "Default").

19
20      C.    All payments to be made by Defendants under this Judgment shall be made by
21  electronic automated clearing house debit transaction through an account at Wells Fargo
22  Bank (hereinafter, an "ACH Payment") unless otherwise agreed to in writing by Vistar.
23  ACH Payments shall be structured so as to be initiated by Vistar or its designee.  ACH
24  payments shall be made according to the Payment Schedule, on the dates set forth therein.

25      D.    No later than the date this Judgment is entered, Defendants shall provide
26  Vistar with all information and documents necessary to facilitate such ACH Payments, and
27  shall make all arrangements to have ACH Payments authorized and operable effective as of
28  the date this Judgment is entered.

E. If any ACH Payment is rejected or dishonored for any reason, including but not limited to insufficient funds, Defendants shall have three calendar days to cure and make good such ACH Payment. If Defendants fail to cure by making any ACH Payment good within three calendar days after receiving notice of dishonor, they shall be in Default under the terms of this Judgment. Notice of dishonor of any ACH Payment may be made by Vistar to Defendants in writing, by facsimile, email, or any other means reasonably calculated to apprise Defendants of the ACH Payment dishonor. Notwithstanding the foregoing, if any ACH Payment is rejected or dishonored for reasons caused by a Force Majeure Event (as defined below), Defendants' obligation to cure and make good such ACH Payment is excused and extended for a period equal to the duration of the Force Majeure Event. A "Force Majeure Event" means acts of God; strikes; lockouts; labor troubles; inclement weather; governmental laws or regulations; casualty; orders or directives of any legislative, administrative, or judicial body or any governmental department; technical or technological malfunctions of, or inoperability of, electronic banking systems; and other similar or dissimilar causes beyond Defendants' reasonable control.

F. If a total of Five (5) ACH Payments are rejected or dishonored for any reason other than a Force Majeure Event, without regard to cure, before all payments set forth in the Payment Schedule are complete, Defendants shall be in Default under this Judgment.

G. Vistar obtained four writs of garnishment pursuant to this Court's Order Granting Application For Provisional Remedies With Notice (Attachment and Garnishment) entered on or about March 30, 2010 (the "Writs"). The Court will enter judgment on the Writs, and Vistar is entitled to retain all amounts seized pursuant to the Writs. The amounts seized pursuant to the Writs shall be a credit toward the total amount awarded under this Judgment. Vistar shall immediately lodge proposed judgments on the Writs.

H. Vistar shall not take any action to collect on or otherwise enforce its rights under this Judgment other than as described herein with regard to ACH Payments, so long as Defendants are in compliance with the terms of this Judgment, and so long as the ACH

Payments provided in the Payment Schedule are fully and timely paid.  If Defendants are at any time in Default under the terms of this Judgment, then the full amount of this Judgment shall become due and payable.

I. In the event of Defendants' Default, the full amount of this Judgment shall be due and payable on the following schedule and terms: (i)  within Three (3) days of demand by Vistar to Defendants, payment of all unpaid amounts in arrears that would be immediately due and payable under the Payment Schedule absent Default; plus, (ii) payment of all remaining amounts set forth in, and at the times set forth in, the Payment Schedule; plus, (iii) payment of the remaining Three Hundred Thousand Dollars ($300,000.00) awarded hereunder, in Twenty-Five (25) equal and regular weekly payments beginning the first Monday after Vistar makes the demand set forth in subsection (i) of this paragraph.  Vistar's demand to Defendants under this paragraph may be made in writing delivered by hand, by facsimile, email, or any other means reasonably calculated to apprise Defendants of the demand's content.

J. If Defendants fail to timely make any of the payments set forth in the preceding paragraph, they shall be in "Penalty Default."  In the event Defendants are in Penalty Default, all amounts awarded hereunder shall immediately become fully due and payable, Vistar's forbearance obligations under this Judgment shall immediately terminate, and it shall be free to exercise all of its rights and take any and all action to execute on or otherwise enforce this Judgment, without further notice.

K. In the event Vistar's forbearance obligations under this Judgment terminate, it shall be entitled to recover its post-judgment costs and reasonable attorneys' fees incurred in executing on or otherwise enforcing this Judgment, subject to further application to, and approval by, this Court.

L. The Counterclaim filed by SBI is hereby dismissed with prejudice.

Dated this 26th day of July, 2010.

_____
Neil V. Wake
United States District Judge